IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, successor by merger to Wachovia Bank, National Association,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM B. BLOUNT,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)    2:11cv296-MHT<br>)<br>)<br>)<br>) |

OPINION

Plaintiff Wells Fargo Bank filed this breach-of-contract action against defendant William B. Blount, alleging that Blount defaulted on a $ 300,000 loan. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity of citizenship). Currently before the court is Wells Fargo's motion for summary judgment. For the reasons that follow, that motion will be granted.

## I.  SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the admissible evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmoving party may avoid summary judgment only by going "beyond the pleadings and ... designat[ing] specific facts showing that there is a genuine issue for trial."  Hoffman v. Allied Corp., 912 F.2d 1379, 1382-83 (11th Cir. 1990).

## II.  FACTS

On May 23, 2007, Wells Fargo loaned $ 300,000 to William Blount.[1]  Blount's obligations under that loan were memorialized in a promissory note, which required him to make quarterly payments of $ 15,000, plus interest, and, in the case of default, to pay "reasonable expenses actually incurred" by Wells Fargo "to enforce or collect" on the loan.  Promissory Note 2 (Doc. No. 27-1).

Shortly thereafter, Blount defaulted.  Rather than requiring the immediate payment of the money still owed, Wells Fargo agreed to a loan modification, which the parties signed on June 4, 2009.  That agreement required Blount to satisfy the remaining balance on the original loan, plus 8 % interest, by December 1, 2010.  It also continued Blount's obligation to Wells Fargo for its actual costs of collection.

---

1. Another person signed the note with Blount. Wells Fargo's claim against this other person has been settled, and he is no longer a party to this lawsuit.

Blount has since defaulted on his payment obligations under the loan-modification agreement. As of September 8, 2011, the amount Blount owed on the original note was $ 121,641.08, which consists of $ 105,363.33 in principal, $ 16,195.09 in accrued interest, and $ 82.66 in late charges. Wells Fargo brought this action in order to recover that amount, the interest that has subsequently accrued, and its actual costs of collection, including attorneys' fees.

### III. DISCUSSION

Both the note and the modification agreement specify that Alabama law applies to this dispute. Alabama law provides that a promissory note is "prima facie" evidence of the holder's "right to recover the face of the note, interest, and upon proof of their value, its attorney's fees [if] ... the note [so] provided." Chilton Warehouse & Mfg. Co. v. Lewis, 57 So. 100, 101 (Ala. Ct. App. 1911); see also Wells Fargo Bank, N.A. v. Vergos, 2012 WL

206169, at *2 (S.D. Ala. Jan. 24, 2012) (Butler, J.). Here, Wells Fargo has submitted more than just the promissory note and modification agreement: those documents are accompanied by an affidavit from Wells Fargo Bank Assistant Vice President Michele Basile, who attests to the existence of the loan, to the terms of its repayment, and to Blount's breach. Nothing in the record undermines those assertions, and the court can see no independent reason to doubt the veracity of Basile's sworn statement.

In the face of this evidence of breach, Blount offers no rebuttal; instead, he admits his "responsibility under the note" and effectively concedes default. Resp. to Pl.'s Mot. for Summ. J. 4-5 (Doc. No. 29). Wells Fargo is therefore entitled to summary judgment on its breach-of-contract claim.

The only remaining issue is the amount owed. The Basile affidavit establishes that amount as $ 121,641.08, which consists of $ 105,363.33 in principal, $ 16,195.09

5

in accrued interest, and $ 82.66 in late charges.[2]  In addition, the plain language of the parties' agreements entitles Wells Fargo to the reasonable costs (including attorneys' fees) actually spent recovering the principal from Blount.

For his part, Blount has completely failed to provide "specific facts showing that there is a genuine issue for trial."  Hoffman, 912 F.2d at 1383.  Instead, he has offered only the ambiguous statement that the "actual amount that may be due is still in dispute."  Resp. to Pl.'s Mot. for Summ. J. 5 (Doc. No. 29).  But Blount fails to suggest an alternative amount due.  Put another way, there is no evidence (admissible or otherwise) tending to show that the amount due is anything other than the amount specified in Wells Fargo's motion for summary judgment and detailed in the Basile affidavit.  Blount's "conclusory assertion[],"  offered without any

---

    2.  The interest is calculated as of September 8, 2011, and Wells Fargo would also be entitled to any interest that has accrued since that date.

"supporting evidence," is therefore "insufficient to withstand summary judgment." Holified v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

Perhaps recognizing that the mere announcement of a disagreement fails to create a material issue of fact that would preclude summary judgment, Blount requests that the discovery deadline be extended so that he might "perform additional discovery with respect to the records of Wells Fargo." Resp. to Pl.'s Mot. for Summ. J. 5 (Doc. No. 29). But that ship has sailed, and, even if it were still at dock, Blount lacks a boarding pass.

In order to defeat a motion for summary judgment with a request for additional discovery, the nonmovant must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).[3] Any such submission

---

3. It appears that Blount's "specified reason" is that he is currently incarcerated. Whatever force such an argument might have for a pro se defendant, it has none here. Blount has been represented by counsel at
(continued...)

7

must "set[] forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998).

Not only has Blount failed to submit a single affidavit or declaration in support of his request to reopen discovery, he has failed to allege what facts he anticipates obtaining were this court to grant his motion. Instead, he asks to turn back the clock on this litigation so that he might lead an unbounded fishing expedition into Wells Fargo's bank records. There is no basis to reopen discovery.

***

---

(...continued)
least since July 22, 2011, when he filed his answer to Wells Fargo's complaint. As far as the court can tell, that attorney's ability to conduct discovery on Blount's behalf was in no way limited by Blount's incarceration.

In order to defeat Wells Fargo's motion for summary judgment, which was supported by evidence that there was no material fact in dispute, Blount had to identify a genuine issue for trial.  This he failed to do.  Wells Fargo is therefore entitled to summary judgment on its breach-of-contract claim.

An appropriate judgment will be entered.

DONE, this the 27th day of January, 2012.

                                  /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE