```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

WELLS FARGO BANK, NATIONAL    )
ASSOCIATION                   )
                              )
     Plaintiff,               )
                              )    CIVIL ACTION NO.
     v.                       )      2:11cv296-MHT
                              )           (WO)
WILLIAM B. BLOUNT,            )
                              )
     Defendant.               )
```

OPINION AND ORDER

Plaintiff Wells Fargo Bank filed this breach-of-contract action against defendant William B. Blount, alleging that Blount defaulted on a $ 300,000 loan. The court previously granted summary judgment for Wells Fargo, entitling it to, among other things, the reasonable attorneys' fees and costs that it incurred pursuing this action. Currently before the court is Wells Fargo's motion to amend this court's previous judgment to include a specific amount of attorneys' fees and costs. For the reasons that follow, the court will

modify its judgment and award $ 18,261 in fees and costs to Wells Fargo.

## I.  Background

This straightforward contract dispute arose from Blount's default on a promissory note and subsequent modification agreement.  Wells Fargo filed a five-page complaint on April 18, 2011.  No discovery took place, and Blount filed no motions with this court.  On September 9, 2011, Wells Fargo moved for summary judgment.  Blount's cursory reply to that motion admitted liability and consented to this court awarding damages, including $ 121,641.08 in principal plus interest and the reasonable costs of collection, to Wells Fargo.  Wells Fargo subsequently submitted a four-page reply asking this court to enter judgment in its favor without delay.  That request was granted and judgment was entered in favor of Wells Fargo on January 27, 2012.

In its motion to amend that judgment, Wells Fargo submits that it accrued legal fees totaling $ 25,999.92 and court costs of $ 441.58, for a total of $ 26,441.50. Approximately one quarter of that total, or $ 7,825.50, constitutes expenses incurred when Blount initially defaulted on the promissory note and the rest, or $ 18,616.00, is attributed to this litigation.[1]  The $ 18,616.00 is at issue.

## II.  Legal Standard

In calculating attorneys' fees, the court is required to determine the "lodestar" figure or "the product of the number of hours reasonably expended to prosecute the

---

1. Blount did not specifically challenge the fee amount that Wells Fargo attributes to his default on the promissory note and the subsequent creation of the modification agreement.  Instead, he requested only a more definite statement as to how the amount was calculated.  Wells Fargo provided such documentation and Blount raised no further challenge.  Having reviewed Wells Fargo's submissions, the court does not find $ 7,825.50 to be an unreasonable amount for the work provided, which included the drafting and negotiation of the modification agreement.

lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community." Simpleville Music v. Mizell, 511 F. Supp. 2d 1158, 1161 (M.D. Ala. 2007) (Thompson, J.) (citing Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).  In determining the lodestar, the court applies the 12-factor test set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)),[2] and then proceeds to analyze "whether any portion of this fee should be adjusted upwards or downwards."  Simpleville Music, 511 F. Supp. 2d at 1161 (citing Johnson, 488 F.2d at 717-19).[3]

---

    2.  In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    3.  These 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal
(continued...)

The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1162 (quoting Norman, 836 F.2d at 1303). The applicant may meet this burden by producing either direct evidence of the rates charged under similar circumstances or by opinion evidence as to the reasonable rate. However, the court "is itself an expert on [this issue] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment ... as to value." Norman, 836 F.2d at 1303 (internal quotation marks omitted).

---

(...continued)
services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

5

## III. Discussion

The court is somewhat surprised that neither party brought to its attention Wells Fargo Bank, N.A. v. Southern Boys Investment Group, LLC, 2011 WL 2446594 (M.D. Fla. May 26, 2011) (Richardson, M.J.), adopted by 2011 WL 2436062 (M.D. Fla. June 15, 2011) (Dalton, J.), which considered the appropriate amount of attorneys' fees in a materially similar dispute between Wells Fargo and a debtor.  In that case, Wells Fargo, which was represented by the same firm and, indeed, some of the same lawyers representing it in this court, requested $ 16,836.00 in attorneys' fees and $ 2,715.02 in expenses.  The court noted that Wells Fargo failed to explain its fee request in terms of the Johnson factors and therefore "used its own judgment regarding the attorneys' fee award." Id. at *4.  Since "the Defendants made no appearance, there were no hearings, and no discovery was conducted," the court concluded that, "absent special circumstances and without any evidence as

6

to the Johnson factors, a fee over $ 10,000.00 would not be reasonable."  Id. (citing Textron Fin. Corp. v. Longstreet, 2010 WL 331901, at *4 (M.D. Fla. Jan. 28, 2010) (Antoon, J.) (holding that attorneys' fees should be limited to $ 10,000 in a simple contract dispute where the plaintiff failed to provide the court with an itemization of the tasks performed)).  It therefore awarded Wells Fargo $ 10,000 in legal fees and $ 2,715.02 in expenses.

A similar approach is warranted in this case.  As in Southern Boys Investment Group, this is a straightforward breach-of-contract claim in which there was no discovery, no hearing, and no substantive disagreement about liability.  The court can therefore see no reason why attorney's fees related to this litigation should exceed $ 10,000, and Wells Fargo has submitted no documentation that would justify a higher award.

Blount, in his response to Wells Fargo's motion to amend the judgment, made precisely this point when he

7

stated that "without an itemization of time and expenses, it is impossible to determine if the requested time and expenses are reasonable and necessary." Opp'n to Fees (Doc. No. 42) at 2. In its reply to that brief, Wells Fargo again failed to provide any itemized justification for its expenses. Moreover, it has failed to explain whether this case was any more novel or difficult than other similar cases; the customary fee for similar work; or anything else about this case that might justify an award significantly higher than the one it received in Southern Boys. See Johnson, 488 F.2d at 717-19 (identifying factors this court should consider when determining an appropriate fee). The court therefore concludes, based on its own experiences handling similar disputes, that, while Blount is liable for the reasonable attorneys' fees associated with this litigation, he is not liable for the full amount requested by Wells Fargo. It would be unreasonable for those fees to exceed $ 10,000.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiff Wells Fargo Bank's motion to amend judgment (doc. no. 40) is granted.

(2) Defendant William B. Blount is to pay $ 7,825.50 in fees and costs associated with plaintiff Wells Fargo Bank's attempts to collect on the promissory note and the subsequent creation of the loan modification agreement.

(3) In addition to the $ 7,825.50 detailed above, defendant Blount is to pay $ 10,435.58 in fees and costs associated with this litigation. That total is comprised of $ 10,000 in attorneys' fees and $ 435.58 in legal costs.

DONE, this the 3rd day of April, 2012.

      /s/ Myron H. Thompson      
UNITED STATES DISTRICT JUDGE